**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000523
30-SEP-2022
07:53 AM
Dkt. 49 SO**

NO. CAAP-20-0000523

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
BRITTANY D. WILKINS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-19-01590)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Brittany D. Wilkins (**Wilkins**) appeals from the July 24, 2020 Judgment and Notice of Entry of Judgment (**Judgment**) entered by the District Court of the Third Circuit (**district court**).[1] After a bench trial, the district court convicted Wilkins of one count of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and/or (3).[2]

---

[1] The Honorable Margaret K. Masunaga presided.

[2] HRS § 291E-61(a)(1) and (3) (2007) provide:

    (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

        (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

    . . . .

(continued...)

On appeal, Wilkins argues that the district court:  (1) deprived her of a meaningful opportunity to cross-examine County of Hawaiʻi police officer Ansel Robinson (**Officer Robinson**), after erroneously denying her motion to strike Officer Robinson's testimony about accuracy tests he conducted on the Intoxilyzer Model 8000 used to test her breath on May 4, 2019 and May 15, 2019; and (2) erroneously admitted the results of her breath test, without which there was insufficient evidence to support the conviction under HRS § 291E-61(a)(3).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we hold, without addressing Wilkins's arguments regarding her conviction under HRS § 291E-61(a)(3), that insofar as Wilkins does not challenge the sufficiency of the evidence as to her OVUII conviction under HRS § 291E-61(a)(1), her conviction under HRS § 291E-61(a)(1) stands. See, e.g., State v. Flynn, No. SCWC-10-0000245, 2012 WL 1560666, at *1 (May 1, 2012) (affirming conviction under HRS § 291E-61(a)(3) where defendant did not challenge sufficiency of the evidence supporting that charge, even though charge under HRS §

---

[2](...continued)
        (3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

The Judgment reflects Wilkins was convicted of "DUI BY IMPAIRMT [sic] OR .08 BREATH" pursuant to HRS § "291E-61(a)(1)(3)[.]"  Wilkins claims that the district court's "verdict was based on the BAC reading from the Intoxilyzer."  Plaintiff-Appellee State of Hawaiʻi (**State**) asserts, however, that the district court "relied upon the evidence of impairment testified to by both [(Security Officer)] Kukua and Officer Fukumoto, as well as the breath ticket entered into evidence as Exhibit 3."  Our review of the district court's ruling reflects that it relied on both evidence of impairment and the intoxilyzer reading in adjudging Wilkins guilty, and the Judgment reflects a conviction referring to both subsections (a)(1) and (a)(3) of the OVUII statute.

291E-61(a)(1) was defective); State v. Shinsato, No. SCWC-30720, 2012 WL 1560663, at *1 (Apr. 30, 2012) (same).

For the foregoing reasons, the July 24, 2020 Judgment and Notice of Entry of Judgment entered by the District Court of the Third Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, September 30, 2022.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Kori A. Weinberger,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge